﻿Citation Nr: AXXXXXXXX
Decision Date: 03/19/19 Archive Date: 03/19/19

DOCKET NO. 181210-1209
DATE: March 19, 2019

ORDER

Entitlement to a disability rating of 30 percent, but no higher, for psychiatric disability including unspecified depressive disorder is granted.

FINDING OF FACT

The Veteran’s psychiatric disability including unspecified depressive disorder produced occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks.

CONCLUSION OF LAW

The criteria for a disability rating of 30 percent, but no higher, for psychiatric disability including unspecified depressive disorder have been met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. Part 4, including §§ 4.1, 4.2, 4.7, 4.10, 4.130, Diagnostic Code 9435 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-155 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran served on active duty from April 1997 to April 2001. She selected the Supplemental Claim lane when she submitted the RAMP election form. Accordingly, the October 2018 RAMP rating decision considered the evidence of record prior to the issuance of the RAMP rating decision. The Veteran timely appealed the RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

1. Entitlement to an increased rating for unspecified depressive disorder from July 29, 2016, to October 18, 2018

In a December 2016, rating decision, the AOJ, a Department of Veterans Affairs (VA) Regional Office (RO), granted service connection, effective July 29, 2016, for unspecified depressive disorder. The RO assigned a disability rating of 0 percent. The Veteran appealed that rating. In an October 2018 RAMP rating decision, the RO continued the 0 percent rating. The RO notified the Veteran of that decision in a letter issued October 18, 2018. The Veteran continued her appeal. She contends that the disorder warrants a higher rating because symptoms including sleep disturbance, anxiety, and depressed mood cause difficulty with tasks and interaction at work and at home.

VA assigns disability ratings by evaluating the extent to which a veteran’s service-connected disability adversely affects his ability to function under the ordinary conditions of daily life, including employment, by comparing his symptomatology with the criteria set forth in the VA Schedule for Rating Disabilities (rating schedule). 38 U.S.C. § 1155; 38 C.F.R. Part 4, including §§ 4.1, 4.2, 4.10. If two ratings are potentially applicable, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. In determining the current level of impairment, the disability must be considered in the context of the whole recorded history, including service medical records. 38 C.F.R. § 4.2. The United States Court of Appeals for Veterans Claims (Court) has held that, at the time of the assignment of an initial rating for a disability following an initial award of service connection for that disability, separate ratings can be assigned for separate periods of time based on the facts found, a practice known as “staged” ratings. Fenderson v. West, 12 Vet. App. 119, 126 (1999).

The Board must assess the credibility and weight of all the evidence, including the medical evidence, to determine its probative value, accounting for evidence which it finds to be persuasive or unpersuasive, and providing reasons for rejecting any evidence favorable to the claimant. See Masors v. Derwinski, 2 Vet. App. 181 (1992); Wilson v. Derwinski, 2 Vet. App. 614, 618 (1992); Hatlestad v. Derwinski, 1 Vet. App. 164 (1991); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Equal weight is not accorded to each piece of evidence contained in the record; every item of evidence does not have the same probative value. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a claim, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107. To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996), citing Gilbert, 1 Vet. App. at 54.

The rating schedule provides for rating unspecified depressive disorder and other mental disorders under a General Rating Formula for Mental Disorders (General Formula). 38 C.F.R. § 4.130, Diagnostic Code 9435. The Board must conduct a “holistic analysis” that considers all associated symptoms, regardless of whether they are listed as criteria. Bankhead v. Shulkin, 29 Vet. App. 10, 22 (2017); 38 C.F.R. § 4.130. The Board must determine whether unlisted symptoms are similar in severity, frequency, and duration to the listed symptoms associated with specific disability percentages. Then, the Board must determine whether the associated symptoms, both listed and unlisted, caused the level of impairment required for a higher disability rating. Vazquez-Claudio v. Shinseki, 713 F.3d 112, 114-118 (Fed. Cir. 2013). 

Under the General Formula, a 0 percent, noncompensable, rating is assigned when a mental condition has been formally diagnosed, but symptoms are not severe enough to either require continuous medication, or to interfere with occupational and social functioning. A 10 percent rating is assigned when mild or transient symptoms which decrease work efficiency and ability to perform occupational tasks only during periods of occasional stress, or symptoms controlled by medication cause occupational and social impairment.

A 30 percent rating is assigned when symptoms such as depressed mood, anxiety, suspiciousness, panic attacks (weekly or less often), chronic sleep impairment, or mild memory loss (such as forgetting names, directions, or recent events), cause occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and normal conversation).

A 50 percent rating is assigned when symptoms such as flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; or difficulty in establishing and maintaining effective work and social relationships cause occupational and social impairment with reduced reliability and productivity.

A 70 percent rating is assigned when symptoms such as suicidal ideation; obsessional rituals which interfere with routine activities; intermittently illogical, obscure, or irrelevant speech; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a worklike setting); or inability to establish and maintain effective relationships cause occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood.

A 100 percent rating is assigned when symptoms such as gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; or memory loss for names of close relatives, own occupation or own name cause total occupational and social impairment.

The Veteran has had VA treatment for physical and mental problems. In March 2016, she reported considerable stress at work. In April 2016, she related a one-month history of fatigue. She stated that she had impaired sleep and impaired memory. On mental health consultation in June 2016, she reported that during her military service she was raped by a fellow servicemember. She stated that she did not receive counseling during service. She reported that presently she had anxiety and difficulty sleeping. She related decreased energy, social withdrawal, and difficulty concentrating. A clinician noted that she was cooperative and engaged, without abnormal thought content.

In VA mental health treatment in July 2016, the Veteran reported trouble sleeping and low energy nearly every day. She stated that more than half of all days she had little interest or pleasure, felt down or hopeless, and had trouble concentrating. She indicated that she did not have any suicidal ideation. She stated that her depressive symptoms made it very difficult to work, complete tasks at home, or get along with others. A clinician prescribed Sertraline. The Veteran began attending group therapy. In treatment later in 2016, she reported similar levels of depressive symptoms.

On VA examination in October 2016, the Veteran reported that before service she obtained a bachelor’s degree. She indicated that she was close with her family, and had no difficulty making or keeping friends. She reported that during service she was raped by a servicemember. She stated that presently she received VA treatment for a trauma-related stress disorder. She reported depression, manifested by sadness, crying, and emotional numbness. She related trouble trusting people. She stated that she had difficulty focusing and concentrating. She reported frequent interruptions of sleep, partly reduced by medication. She related history of suicidal thoughts. She related anxiety, manifested by quickness to become angry, and persistence of anger for one to two days. She indicated that she worked fulltime as a contract specialist. She stated that she performed her job acceptably without accommodations. She reported that she lived with her son and her son’s father. She related that she had a great relationship with her son, and a friendly relationship with her son’s father. The examiner assigned a diagnosis of unspecified depressive disorder. The examiner found that the Veteran’s symptoms did not meet the criteria for a diagnosis of posttraumatic stress disorder (PTSD). The examiner found that the symptoms of the depressive disorder were not severe enough to either require continuous medication, or to interfere with occupational and social functioning.

Records of VA mental health treatment of the Veteran in December 2016 reflect that prescription of Sertraline continued. She stated that her depressive symptoms made it somewhat difficult to work, complete tasks at home, or get along with others. In February 2017, she reported poor sleep, nightmares, anxiety, and depression. A treating clinician observed depressed and anxious mood.

In a January 2017 notice of disagreement (NOD), the Veteran stated that the VA clinician who examined her in October 2016 did not record some of the psychological symptoms, such as nightmares and flashbacks, that she reported. She noted that her nightmares and intrusive thoughts interfered with concentration and focus. She related that she had increased anxiety at her workplace, a military facility. She related that she was withdrawn, and had reduced her interactions with coworkers and with family and friends.

On VA examination in March 2017, the Veteran reported ongoing treatment with Sertraline and counseling. She stated that she had recurrent memories of her trauma. She reported ongoing anxiety and difficulty trusting people. She stated that she just did not feel comfortable, and that she felt that she did not fit in. She indicated that two years earlier she sometimes thought about suicide. She stated that she was employed, as a buyer with a government agency, and that she lived with her child. The examiner observed that the Veteran was fidgety and appeared “very, very anxious.” The examiner noted that her symptoms included depressed mood, anxiety, suspiciousness, chronic sleep impairment, and flattened affect. The examiner found that her symptoms met the criteria for a diagnosis of PTSD. The examiner found that her psychiatric disability caused occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and normal conversation).

VA treatment records and examinations, and the Veteran’s statements, show that her psychiatric disability including unspecified depressive disorder was manifested by symptoms associated with a 30 percent rating, including depressed mood, anxiety, and chronic sleep impairment. The level of occupational and social impairment found by the March 2017 examiner is consistent with the reports and observations in VA treatment records. Therefore, that finding is more persuasive than the finding of the October 2016 examiner. The greater persuasive weight of the evidence indicates that the Veteran’s symptoms caused the level of impairment required for a 30 percent rating. The Board grants a 30 percent rating for the appeal period.

The Board concludes that the Veteran’s symptoms did not cause the level of impairment required for a disability rating of 50 percent or higher. Her symptoms more closely approximated the symptoms associated with a 30 percent rating, and resulted in a level of impairment that most closely approximated the level of impairment associated with a 30 percent rating. The evidence does not more nearly approximate symptoms such as circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; or difficulty in establishing and maintaining effective work and social relationships cause occupational and social impairment with reduced reliability and productivity.

 

K. PARAKKAL

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD K. J. Kunz, Counsel